Dean ALLEN, Plaintiff—Appellant,

v.

CITY OF BOULDER; et al.,
Defendants—Appellees.

No. 04–15291.

D.C. No. CV–00–01454–JCM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Dec. 5, 2005.

Richard Segerblom, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Thomas D. Beatty, Esq., Law Offices of Thomas D. Beatty, Mark J. Ricciardi, Esq., Fisher & Phillips LLP, Las Vegas, NV, for Defendants–Appellees.

Before FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Dean Allen appeals the district court's grant of summary judgment dismissing his 28 U.S.C. § 1983 claim against Boulder City and his supervisors John Sullard and Bob Kenney. Allen claims that defendants violated his First Amendment rights when they suspended him and later fired him after he aired his concerns regarding the City's implementation of computer training in preparation for the transition to the year 2000 with two city councilmen.

To establish a § 1983 retaliation claim, an employee must show: 1) that he or she engaged in protected speech; 2) that the employer took adverse employment action against the employee; and 3) that the speech was a "substantial or motivating factor" for the adverse employment action. *See Coszalter v. Salem,* 320 F.3d 968, 973 (9th Cir.2003). Allen's claim fails.

An employee's speech is "protected" under the First Amendment only if it addresses an issue of legitimate public con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cern. *Id.* Courts consider the "content, form, and context," of speech in determining whether statements constitute a matter of public interest. *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). If an employee speaks only "upon matters of personal interest" a court should generally decline to review the public agency's actions against the employee. *Id.*

Allen went over the heads of his two immediate supervisors, Bob Kenney and John Sullard, with the hope of convincing Boulder City councilmen Bryan Nix and Mike Pacini that he should be appointed head of his own department. Although Allen discussed his concerns regarding several Y2K computer trainings that had been cancelled by Kenney, Nix and Pacini testified that the bulk of their conversations with Allen focused on his tempestuous relationship with his supervisor. Allen presents no evidence that escalating his feud with Kenney by complaining to the Boulder councilmen helped the public evaluate the performance of the Boulder City government. *Ulrich v. City & County of San Francisco,* 308 F.3d 968, 978 (9th Cir.2002). Personnel disputes and workplace grievances are not matters of public interest entitled to protection under the First Amendment. *See Havekost v. U.S. Dep't of the Navy,* 925 F.2d 316, 318 (9th Cir.1991).

AFFIRMED.